UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

BRODERICK A. MOORE,

    Petitioner,

v.

    Case No. 19-cv-973-pp

UNITED STATES OF AMERICA

    Respondent.

**ORDER SCREENING MOTION TO VACATE, SET ASIDE OR CORRECT SENTENCE UNDER 28 U.S.C. §2255 (DKT. NO. 1) AND REQUIRING RESPONDENT TO ANSWER OR OTHERWISE RESPOND**

**I.    Background**

    A.    <u>Previous Federal Case History</u>

On July 20, 2017, a jury found the petitioner guilty of carjacking and using or carrying a firearm during a crime of violence. <u>United States v. Broderick Moore</u>, Case No. 15-cr-201, dkt. no. 148 (E.D. Wis. July 20, 2017). It also found that he had brandished the firearm. <u>Id.</u> In November 2017, this court sentenced the petitioner to serve 108 months on the carjacking and eighty-four months on §18 U.S.C. §924(c) count, to run consecutively to the sentence imposed on the carjacking, for a total sentence of 192 months of incarceration. <u>Id.</u> at Dkt. No. 196. The court entered judgment on December 7, 2017. <u>Id.</u> The petitioner appealed, <u>id.</u> at dkt. no. 204, challenging "only the inconsistency between the written judgment and the district court's oral pronouncement of the sentence," <u>id.</u> at dkt. no. 233. On March 19, 2019, the

1

Seventh Circuit issued the mandate on its order granting the parties' joint motion for a remand and ordering the court to amend the judgment to provide that the petitioner would serve a single, five-year term of supervised release. Id. The court entered an amended judgment in accordance with the mandate. Id. at Dkt. No. 232.

Several days after the appellate court issued the mandate, the petitioner filed motion for new trial in case number 15-cr-201, id. at dkt. no. 234, as well as a motion to appoint counsel, id. at dkt. no. 235. The motion argues that the petitioner has "newly discovered evidence" that his co-defendants lied in a coordinated effort to falsely convict the petitioner. Dkt. No. 234. On October 15, 2019, the court granted the motion to appoint counsel after finding that the petitioner was entitled to counsel under the Sixth Amendment to help him litigate his Rule 33 motion for a new trial. Id. at Dkt. No. 249. The petitioner's motion for new trial remains pending, with an amended motion due by August 24, 2020.

B.  §2255 Motion to Vacate, Correct or Set Aside Sentence

On July 8, 2019, the petitioner filed this motion to vacate his sentence under 28 U.S.C. §2255. Broderick Moore v. United States, Case No. 19-cv-973, Dkt. No. 1 (E.D. Wis. July 8, 2019). The motion raises four arguments under the umbrella of a Sixth Amendment ineffective assistance of counsel claim: (1) trial counsel (Dan Sanders) should have called six additional witnesses at trial; (2) trial counsel failed to investigate the timeline of travel between the carjacking and the various other locations involved; (3) counsel at the

2

preliminary hearing (Jim Toran), failed to procure a videotape from the Milwaukee teacher education association building which would have caught the carjacking on video and proven the petitioner innocent; and (4) trial counsel failed to investigate witnesses and statements made by investigator Bill Kohl. Dkt. No. 1 at 4-9. [1] The petitioner admits that he did not raise these claims on appeal. Id. at 9

## II. Rule 4 Screening

### A. Standard

Rule 4 of the Rules Governing §2255 proceedings provides that

> [i]f it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party. If the motion is not dismissed, the judge must order the United States attorney to file an answer, motion, or other response within a fixed time, or to take other action the judge may order.

Rule 4(b), Rules Governing §2255 Proceedings.

A petitioner seeking relief under §2255 must allege either that the sentence violated the Constitution or laws of the United States, that the court was without jurisdiction, that the sentence exceeded the maximum authorized by law or that the sentence is otherwise subject to collateral attack. 28 U.S.C. §2255(a). At the screening stage, the court considers only whether the petitioner has raised claims that can be adjudicated in a section §2255

---

[1] "Ineffective assistance of counsel is a single ground for relief no matter how many failings the lawyer may have displayed." Pole v. Randolph, 570 F.3d 922, 934 (7th Cir. 2009) (quoting Peoples v. United States, 403 F.3d 844, 848 (7th Cir. 2005)).

3

proceeding, whether the petitioner has exhausted his claims and whether he filed the motion within the limitations period.

B. Discussion

1. *The motion was timely filed.*

The petitioner filed the motion to vacate on July 8, 2019. Dkt. No. 1. Section §2255(f)(1) prescribes a one-year limitation period for filing a §2255 petition; the year begins to run from the date the judgment of conviction becomes final. When a petitioner has appealed his conviction but did not petition for a writ of *certiorari* from the Supreme Court, his conviction becomes "final" for the purpose of §2255(f)(1) "when the time expires for filing a petition for certiorari contesting the appellate court's affirmation of the conviction." Clay v. United States, 537 U.S. 522, 525 (2003). Under Supreme Court Rule 13, the petitioner had ninety days from the date the Seventh Circuit returned its mandate—March 19, 2019—before his one-year period began. The July 8, 2019 motion was filed well before that time expired.

2. *The petitioner's ineffective assistance of counsel claim falls within an exception to the exhaustion requirement*

For a claim to be cognizable under §2255, the petitioner must have raised the claim on direct appeal; "[a]ny claim that could have been raised originally in the trial court and then on direct appeal that is raised for the first time on collateral review is procedurally defaulted." Delatorre v. United States, 847 F.3d 837, 843 (7th Cir. 2017) (citing Hale v. United States, 710 F.3d 711, 713-14 (7th Cir. 2013)). "Procedurally defaulted constitutional claims are not considered on collateral review unless the petitioner shows either (1) actual

4

innocence or (2) cause and prejudice." Delatorre, 847 F.3d at 843 (citing Bousley v. United States, 523 U.S. 614, 622 (1998)). There is an exception for claims of ineffective assistance of counsel, which may be brought for the first time in a §2255 motion. See Massaro v. United States, 538 U.S. 500, 504 (2003); United States v. Jones, 635 F.3d 909, 916 (7th Cir. 2011) ("Claims of ineffective assistance of trial-level counsel, because they typically require an assessment of counsel's strategic decisions and various other considerations that are not part of the record in the usual trial court proceeding, are in most instances not claims that are amendable to resolution on direct appeal[.]")

The petitioner's motion argues that his trial counsel (and, in one claim, the attorney who represented him earlier in the case) provided ineffective assistance of counsel in violation of his Sixth Amendment rights. Because such a claim need not be raised on direct appeal, the petitioner has satisfied the exhaustion requirement. And because ineffective assistance of counsel arises under the Sixth Amendment of the United States Constitution, it is cognizable on §2255 review. Massaro, 538 U.S. at 509. The court will require the respondent to respond to the motion.

### III. Conclusion

The court **ORDERS** that within sixty days of the date of this order, the respondent shall answer or otherwise respond to the petition, complying with Rule 5 of the Rules Governing §2255 Cases, and showing cause, if any, why the writ should not issue.

5

Case 2:19-cv-00973-PP    Filed 07/20/20    Page 5 of 6    Document 4

The court **ORDERS** that the parties must comply with the following schedule for filing briefs on the merits of the petitioner's claims:

(1) the petitioner has forty-five days after the respondent files the answer to file a brief in support of his petition;

(2) the respondent has forty-five days after the petitioner files his initial brief to file a brief in opposition;

(3) the petitioner has thirty days after the respondent files the opposition brief to file a reply brief, if he chooses to file such a brief.

If, instead of filing an answer, the respondent files a dispositive motion:

(1) the respondent must include a brief and other relevant materials in support of the motion;

(2) the petitioner may file a brief in opposition to that motion within forty-five days of the date the respondent files the motion;

(3) the respondent has thirty days after the petitioner files his opposition brief to file a reply brief, if the respondent chooses to file such a brief.

The parties must submit their pleadings in time for the court to *receive* them by the stated deadlines.

Dated in Milwaukee, Wisconsin this 20th day of July, 2020.

**BY THE COURT:**

_____
**HON. PAMELA PEPPER**
**Chief United States District Judge**
