UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

BRODERICK A. MOORE,

        Petitioner,

v.                                           Case No. 19-cv-973-pp

UNITED STATES OF AMERICA,

        Respondent.

**ORDER GRANTING MOTION FOR EXTENSION (DKT. NO. 10) AND DENYING WITHOUT PREJUDICE MOTION FOR APPOINTMENT OF COUNSEL (DKT. NO. 11)**

On January 23, 2023, the court ordered the petitioner to file a brief in support of his §2255 motion in time for the court to *receive* it by the end of the day on February 17, 2023. Dkt. No. 9. The court warned the petitioner that if it did not receive a brief in support of his §2255 motion by the end of the day on February 17, 2023, it would deny the motion and dismiss the case under Civil Local Rule 41(c) (E.D. Wis.) for the petitioner's failure to diligently prosecute it. Id. at 4. On January 23, 2023, the court received from the petitioner a motion for extension of time to file the brief. Dkt. No. 10. On March 1, 2023, the court received from the petitioner a motion for appointment of counsel. Dkt. No. 11. The court will grant the motion for an extension and deny the motion for appointment of counsel.

1

## I. Motion for Extension (Dkt. No. 10)

The petitioner argued that he needed an extension of ninety days to file a brief in support of his petition. Dkt. No. 10. He advised the court that he needed the extension because at the time he filed the request, he was in a special housing unit without access to his paperwork and was awaiting a transfer to another prison facility.[1] Id.

The court finds that the petitioner has shown good cause for an extension. The court will grant the extension and give the petitioner ninety days from the date of this order to file his petition. The petitioner must file a brief in support of his §2255 motion in time for the court to *receive* it by the deadline the court sets below. As the court explained in its previous order, if the court does not receive a brief in support of the petitioner's §2255 motion by deadline, the court will deny the motion and dismiss the case under Civil L.R. 41(c) for the petitioner's failure to diligently prosecute it.

## II. Motion for Appointment of Counsel (Dkt. No. 11)

The petitioner has asked the court to appoint him an attorney to assist him in pursuing his §2255 motion. Dkt. No. 11. The petitioner says that he is having a hard time understanding the government's response brief and filing a brief in support of his petition. Id. at 1. He says he is unable to afford his own counsel. Id.

---

[1] On April 6, 2023, the court received a notice from the petitioner, advising the court that he had been transferred to McKean Federal Correctional Institution in Bradford, Pennsylvania, and that he would be able to prepare his brief at that location. Dkt. No. 13.

There is no statutory or constitutional right to court-appointed counsel in federal civil litigation. Giles v. Godinez, 914 F.3d 1040, 1052 (7th Cir. 2019). This is particularly true in *habeas* cases. The Seventh Circuit has held that although "[a] litigant is not entitled to appointed counsel in a federal postconviction proceeding," the district court "may appoint counsel if 'the interests of justice so require." Taylor v. Knight, 223 F. App'x 503, 504 (7th Cir. 2007) (citations omitted) (quoting 18 U.S.C. §3006A(a)(2)(B)). When evaluating a motion to appoint counsel, the district court engages in a two-step process. Giles, 914 F.3d at 1052. First, the court determines whether the plaintiff "made a reasonable attempt to secure counsel on his own." Id. at 1053 (citing Navejar v. Iyiola, 718 F.3d 692, 696 (7th Cir. 2013)). Second, the court determines "whether the difficulty of the case—factually and legally—exceeds the plaintiff's capacity as a lay person to coherently present it." Pruitt v. Mote, 507 F.3d 647, 655 (7th Cir. 2007).

The court usually requires a petitioner to show that he has contacted at least three lawyers to establish that he made a reasonable attempt to hire counsel on his own. The petitioner has not shown that he has made any attempt to obtain representation. The court cannot conclude that the plaintiff has made a reasonable attempt to secure counsel on his own.

Even if the petitioner had demonstrated that he'd made a reasonable attempt to secure counsel on his own, the court cannot conclude that the petitioner has demonstrated that his case is so complicated that it prevents him from litigating it himself. The petitioner says that he is having a hard time

understanding the government's response, but he has not explained what it is that he does not understand. The petitioner's communications with this court have been clear and easy to follow. He writes neatly and legibly. The court is not aware of the petitioner having any cognitive issues. Without more, the court cannot conclude that the petitioner is not able to explain why he believes he is entitled to relief.

Because the petitioner has not demonstrated that he tried to find counsel on his own, and because he has not explained why this case is so complicated that he cannot handle it himself, the court will deny the petitioner's motion without prejudice. This means that if there comes a time where the petitioner believes that the litigation is too complex for him to handle it on his own, he may renew the motion.

### III. Conclusion

The court **GRANTS** the petitioner's motion for an extension. Dkt. No. 10. The court **ORDERS** that the petitioner must file his brief in support of his petition in time for the court to *receive* it by the end of the day on **July 28, 2023**.

The court **DENIES WITHOUT PREJUDICE** the petitioner' s motion for appointment of counsel. Dkt. No. 11.

Dated in Milwaukee, Wisconsin this 25th day of April, 2023.

BY THE COURT:

_____
HON. PAMELA PEPPER
**United States District Judge**

4

Case 2:19-cv-00973-PP   Filed 04/25/23   Page 4 of 4   Document 14